UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANH CHAN LAO,

        Petitioner,                      Civil No. 09-14123
                                                  Criminal No. 02-20005
v.                                                       Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

### ORDER DENYING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE

Presently before the Court is a motion by the petitioner, Chanh Chan Lao, seeking a reduction of his sentence for his crack-cocaine offense based on a retroactive application of the sentencing guidelines. The petitioner notes that the United States Sentencing Commission is reviewing a proposed amendment that may benefit him, and it is anticipated that the Sentencing Commission will adopt this amendment by November of this year. He asks the Court to "consider him for such a reduction in the event such an amendment is implemented by the Sentencing Commission." Mot. at 2.

As a general rule, the Court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), except in limited and specifically authorized circumstances. *Dillon v. United States*, --- U.S. ---, ---, 130 S. Ct. 2683, 2690 (2010). A sentence may be reduced if the original sentence was based on a sentencing range that subsequently was reduced by the Sentencing Commission, provided the reduction is consistent with Sentencing Commission policy and is made retroactive by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2).

The petitioner properly notes that the Sentencing Commission is considering the proposed amendment.  However, it has not adopted the amendment, nor has it yet determined whether this amendment would be retroactive.  The petitioner asks the Court to hold his motion in abeyance until the Sentencing Commission takes action on the proposed amendment.  The Court cannot anticipate action by the Sentencing Commission.  At the present time, there is no legal basis for the Court to grant the petitioner's requested relief; indeed, the petitioner even admits that the proposed amendment has not been adopted yet.  Therefore, the Court will deny the motion without prejudice and allow the petitioner to file a new motion if the proposed amendment is adopted and made retroactive at some point in the future.

Accordingly, it is **ORDERED** that the petitioner's motion for retroactive application of sentencing guidelines to crack cocaine offense [dkt #165] is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 1, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL