UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANH CHAN LAO,

        Petitioner,   Case Number 02-20005
                                                                Honorable David M. Lawson

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER DENYING MOTION FOR A SENTENCE REDUCTION
PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2)**

Presently before the Court is the petitioner's motion seeking a reduction of his sentence based on a retroactive application of the sentencing guidelines.

The petitioner contends that he is entitled to a reduction of his sentence under Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. USSG § 2D1.1(d). On November 17, 2004, following a jury trial, the petitioner was convicted of importing, attempting to import, and aiding and abetting the import of ecstasy and conspiracy to possess with intent to distribute and import ecstasy. The Court sentenced the defendant to a total term of imprisonment of 240 months followed by 3 years of supervised release, which was a variance from the applicable guideline range of 360 months to life in prison. The Court's downward departure from the then-applicable guideline was not based on the petitioner's assistance to authorities, but for purposes of uniformity and proportionality to the sentences that his co-defendants received.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

(Emphasis added).

Reducing the petitioner's sentence in this case would be inconsistent with the policy statements issued by the United States Sentencing Commission. United States Sentencing Guidelines section 1B1.10(b)(2)(A) states that, "[e]xcept as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Subdivision B states that "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate."

On May 23, 2005, the Court sentenced the petitioner to a total term of imprisonment of 240 months. The new guideline range, following the passage of Amendment 782, is a term of imprisonment of 292 to 365 months. The petitioner is not eligible for a sentence reduction because his sentence is less than the minimum of the amended guideline range and the Court's departure from the guideline range was not based on the petitioner's substantial assistance to authorities.

Accordingly, it is **ORDERED** that the petitioner's application for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [dkt. #173] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 24, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI